IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF JOHN AND HOLLY RIDGEWAY, AS THE OWNERS OF A 2018 23' SPORTSMAN HIN SMNSF689D818, FOR EXONERATION FROM OR LIMITATION OF LIABILITY. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 22-cv-00475-LKG<br><br>Dated: January 27, 2023 |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

Kathleen Dennell, the sole Claimant in this admiralty matter (the "Claimant"), has moved to dissolve the injunction and stay the limitation proceedings pursuant to the Savings to Suitors clause, 28 U.S.C. § 1333(1), upon the grounds that she is the sole claimant in this case and that her proposed stipulations sufficiently protect Limitation Plaintiffs' right to seek limitation of liability in this Court.  ECF No. 22-1.  This motion is fully briefed.  *See* ECF No. 22-1; ECF No. 23; ECF No. 26.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court **GRANTS** Claimant's motion.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

**A.    Factual Background**

This civil action involves a request for exoneration or limitation of liability by Plaintiffs' John Mueller ("Mr. Mueller") and Holly Ridgeway ("Ms. Ridgeway") (together, "Limitation Plaintiffs") with regards to an incident that occurred aboard Limitation Plaintiffs' 2018 23' Sportsman vessel (the "Vessel") in the Isle of Wight Bay in Maryland on June 5, 2021.  ECF No. 1.  In this regard, Limitation Plaintiffs state that while carrying several passengers on a June 5,

---

[1] The facts recited in this Memorandum Opinion and Order are taken from Limitation Plaintiffs' Complaint and Claimant's motion to dissolve and memorandum in support thereof.

2021, voyage, a passenger suffered bodily injury while disembarking the Vessel. *Id.* ¶¶ 8-20. And so, on February 25, 2022, Limitation Plaintiffs commenced this action to limit their liability to the value of the Vessel, pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, and Fed. R. Civ. P. Suppl. R. F. *See generally id.*

Limitation Plaintiffs claim that the value of the Vessel was no greater than $60,500, and $1,000 for costs, and they have tendered this amount as a limitation fund. *Id.* ¶¶ 20, 25-26. On March 18, 2022, the Court issued an Order: (1) accepting these funds as security by Limitation Plaintiffs; (2) enjoining the commencement of any other proceedings against Limitation Plaintiffs or their Vessel; and (3) requiring all potential claimants to file a claim on or before April 26, 2022. ECF No. 5.

### 1. The June 5, 2021, Incident

On April 27, 2022,[2] Claimant filed an Answer to Limitation Plaintiffs' Complaint and a claim against the Limitation Plaintiffs for $1 million. ECF Nos. 8 and 9. Claimant alleges that, on June 5, 2021, she boarded the Vessel for a trip to a sandbar near Fish Tales restaurant in Ocean City, Maryland to engage in clamming activities (the "Voyage"). ECF No. 9 ¶ 6. During the Voyage, Mr. Mueller operated the Vessel, and Claimant, Ms. Ridgeway, Alice Dennell, and Bode Neal were aboard the Vessel as passengers. *Id.* ¶¶ 5-6. As the Vessel approached the desired clamming location, Limitation Plaintiffs attempted to set the anchor with the assistance of the Vessel occupants, and Ms. Ridgeway asked Claimant to enter the water to help set the anchor. *Id.* ¶¶ 9-11; ECF No. 1 ¶¶ 13-16. Upon disembarking, Claimant alleges that she sustained multiple fractures to her left ankle and fibula. ECF No. 9 ¶ 12. And so, Claimant alleges that Limitation Plaintiffs were negligent in that they, among other things, operated the vessel in an unsafe manner and instructed Claimant to disembark without taking precautions to avoid Claimant's injury. *Id.* ¶¶ 17-18.

### 2. Claimant's Motion To Dissolve

On July 8, 2022, Claimant filed a motion to dissolve the injunction and stay the limitation proceedings and a stipulation in support thereof. ECF No. 22-1; ECF No. 22-2. Claimant

---

[2] Claimant appears to have filed her Answer and claim one day after the deadline imposed by the Court's March 18, 2022, Order. ECF Nos. 5, 8 and 9. But, Limitation Plaintiffs do not raise this issue in their opposition to Claimant's motion. ECF No. 23.

requests that the Court dissolve the injunction and stay the limitation proceeding pursuant to the Saving to Suitors clause, 28 U.S.C. § 1333(1), to allow her to pursue her claim before a jury in state court, because she is the sole claimant in this case and her proposed stipulations sufficiently protect Limitation Plaintiffs' right to limitation of liability.  ECF No. 22.

Claimant's proposed stipulations state as follows:

> 1. Claimant hereby agrees and concedes that John Mueller and Holly Ridgeway ("Limitation Plaintiffs") are entitled to and have the right to litigate the issue of whether they are entitled to limitation of their liability under the provisions of the Limitation of Liability Act ("The Limitation Act"; 46 U.S.C. §30501 *et seq*.) in this Court, and this Court shall have exclusive jurisdiction to determine that issue; although Claimant specifically reserves the right to deny and contest in this Court all assertions and allegations made by the Limitation Plaintiffs in the Complaint for limitation filed in this matter.
>
> 2. Claimant will not seek, in any action, in any state court or other federal court, any judgment or ruling on the issue of Limitation Plaintiffs' right to limitation of liability; and hereby consents to waive any claims of *res judicata* relevant to the issue of limitation of liability on any judgment that may be rendered in any state or other federal court.
>
> 3. Claimant, while not stipulating to or agreeing to the sum contained in Limitation Plaintiffs' stipulation as to the value of the 2018 23' Sportsman HIN SMNSF689D818 (the "Vessel") and its pending freight, hereby stipulates that in the event any state court or other federal court renders a judgment or recovery in excess of Limitation Plaintiffs' stipulation of value, whether against Limitation Plaintiffs or any other liable party or parties who may make a cross claim over and against Limitation Plaintiffs, in no event will Claimant seek to enforce such judgment or recovery to in excess of Limitation Plaintiffs' stipulation of value until such time as this Court has adjudicated Limitation Plaintiffs' Complaint for limitation of liability.
>
> 4. Claimant further stipulates and agrees that if Limitation Plaintiffs are held responsible for attorneys' fees and costs which may be assessed against it by a co-liable defendant party seeking indemnification for attorneys' fees and costs, such claims shall have priority over the claim of Claimant.

ECF No. 22-2.

### B. Procedural Background

On February 25, 2022, Limitation Plaintiffs commenced this action for limitation of liability. ECF. No. 1.

On March 18, 2022, the Court issued an Order accepting the funds offered as security by Limitation Plaintiffs, enjoining the commencement of any other proceedings against Limitation Plaintiffs or their Vessel, and requiring all potential claimants to file a claim on or before April 26, 2022. ECF No. 5.

On July 8, 2022, Claimant filed a Motion to Dissolve the Injunction and Stay the Limitation Proceedings, and a Stipulation in support thereof. ECF Nos. 22, 22-1, 22-2. Limitation Plaintiffs filed a Response in opposition to that motion on August 12, 2022. ECF No. 23. On September 6, 2022, Claimant filed a Reply. ECF No. 26.

Claimant's motion having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. The Limitation Of Liability Act

Under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, a vessel owner may petition a federal court to limit its liability to the value of the vessel or the owner's interest in the vessel for damages or injuries that occur without the vessel owner's privity or knowledge. *See* 46 U.S.C. §§ 30505(a)–(b). To commence the limitation proceeding, a vessel owner must file a complaint in federal court within six months of receiving notice of a claim and deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor[.]" Fed. R. Civ. P. Suppl. R. F(1). After a vessel owner files an action under the Act and complies with the mandates in Rule F(1), all pending claims against the owner must cease and, upon the limitation plaintiff's request, the Court must "enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Fed. R. Civ. P. Suppl. R. F(3).

### B. The Saving to Suitors Clause

The "Saving to Suitors Clause" grants federal courts original jurisdiction over any civil case of admiralty or maritime jurisdiction, but "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). This Clause preserves a plaintiff's right to pursue maritime claims in an appropriate state or federal court in front of a jury. 28 U.S.C. § 1333(1); *see Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 445 (2001).

The United States Court of Appeals for the Fourth Circuit has recognized two circumstances under which this Court may dissolve its limitation injunction and permit an injured party to litigate her claims in a separate action: (1) when the value of the limitation fund exceeds the sum of all claims on the vessel and (2) when there is only one claimant in the limitation proceeding, and the parties can agree to stipulations that will adequately protect the limitation plaintiffs' rights. *See Norfolk Dredging Co. v. Wiley*, 439 F.3d 205, 209-10 (4th Cir. 2006) (citing *Lewis*, at 451-52, 455-56); *Matter of Chesapeake Marine Tours, Inc.*, 551 F. Supp. 3d 592, 596 (D. Md. 2021) (quoting *Matter of Great Lakes Dredge & Dock., L.L.C.*, 423 F. Supp. 3d 246, 249 (E.D. Va. 2019)). In this regard, the Fourth Circuit has held that a limitation plaintiff's rights are sufficiently protected where a sole claimant stipulates that she will not seek to enforce a judgment in excess of limitation plaintiff's stipulation of value. *See Norfolk Dredging Co.*, 439 F.3d at 210; *Matter of Chesapeake Marine Tours, Inc.,* 551 F. Supp. 3d at 597-98; *see also Matter of Spirit Cruises, LLC*, No. CV ELH-16-4097, 2018 WL 3105063, at *2 (D. Md. Feb. 21, 2018).

### IV. LEGAL ANALYSIS

Claimant has moved to dissolve the injunction and stay the limitation proceedings in this matter pursuant to the Savings to Suitors Clause, 28 U.S.C. § 1333(1), upon the grounds that: (1) she is the sole claimant in this case and (2) her proposed stipulations sufficiently protect Limitation Plaintiffs' limitation rights. *See generally* ECF No. 22-1.

Limitation Plaintiffs counter that Claimant's proposed stipulations fail to adequately protect their limitation rights and they request that the Court deny Claimant's motion. ECF No. 23.

For the reasons that follow, the Court agrees that Claimant's proposed stipulations sufficiently protect the Limitation Plaintiffs' limitation rights, because (1) Claimant has stipulated to this Court's exclusive jurisdiction over Limitation Plaintiffs' limitation of liability action; (2) Claimant has stipulated to waive her right to any claims of *res judicata* with respect to the issue of Limitation Plaintiffs' limitation of liability; and (3) Claimant agrees to not seek to enforce a judgment in excess of Limitation Plaintiffs' stipulation of value of the Vessel. And so, the Court **GRANTS** Claimant's motion.

### A. Claimant's Stipulations Protect The Limitation Plaintiffs' Limitation Rights.

This Court has recognized two situations under which a district court may dissolve its limitation injunction and permit a claimant to litigate her claims in a separate state court action: (1) when the value of the limitation fund exceeds the sum of all claims on the vessel; or (2) when there is only one claimant in the limitation proceeding, and the claimant's stipulations will adequately protect the limitation plaintiff's rights. *See Matter of Chesapeake Marine Tours, Inc.*, 551 F. Supp. 3d at 596; *see also Matter of Spirit Cruises, LLC*, 2018 WL 3105063, at *1 (D. Md. Feb. 21, 2018). Because there is no dispute that the value of the limitation fund does not exceed the sum of Claimant's claims in this case, and that Claimant is the sole claimant in this matter, the Court considers whether Claimant's proposed stipulations will sufficiently protect the rights of the Limitation Plaintiffs.[3] *See Matter of Chesapeake Marine Tours, Inc.*, 551 F. Supp. 3d at 596-97.

The Court agrees with Claimant that her proposed stipulations would not infringe upon Limitation Plaintiffs' rights to seek limitation of liability in this Court. This Court has held that a limitation plaintiff's right to limitation of liability remains protected, so long as a claimant stipulates that her claim will not expose the limitation plaintiff to liability in excess of the value of the Vessel. *See Matter of Chesapeake Marine Tours, Inc.*, 551 F. Supp. 3d at 597-98. This Court has also held that stipulations that meet this requirement sufficiently protect the rights of a limitation plaintiff, even when the value of claimant's claims greatly exceed the value of the limitation fund. *Id.* (granting motion to dissolve an injunction of limitation proceedings where value of claim ($3,000,000) exceeded value of vessel ($20,000)).

---

[3] Claimant seeks to recover damages in the amount of $1 million. ECF Nos. 5 and 9.

In this case, Claimant's proposed stipulations will sufficiently protect the rights of the Limitation Plaintiffs for several reasons. First, Claimant has stipulated to this Court's exclusive jurisdiction over Limitation Plaintiffs' limitation of liability action. ECF No. 22-1 ¶ 1. Her proposed first stipulation states, in relevant part, that "[Limitation Plaintiffs] are entitled to and have the right to litigate the issue of whether they are entitled to limitation of their liability under the provisions of the Limitation of Liability Act . . . in this Court, and this Court shall have exclusive jurisdiction to determine that issue." *Id.*

Second, Claimant has also stipulated to waive her right to any claims of *res judicata* with respect to the issue of Limitation Plaintiffs' limitation of liability. *Id.* ¶ 2. Notably, Claimant's proposed second stipulation number two states, in relevant part, that "[Claimant] consents to waive any claims of *res judicata* relevant to the issue of limitation of liability on any judgment that may be rendered in any state or other federal court." *Id.*

Claimant also agrees not to enforce any state court judgment in excess of Limitation Plaintiffs' stipulation of value, until this Court has decided Limitation Plaintiffs' claim for limitation of liability. *Id.* ¶ 3. In this regard, Claimant's proposed third stipulation states, in relevant part that "in the event any state court or other federal court renders a judgment or recovery in excess of Limitation Plaintiffs' stipulation of value . . . in no event will Claimant seek to enforce such judgment or recovery to in excess of Limitation Plaintiffs' stipulation of value until such time as this Court has adjudicated Limitation Plaintiffs' Complaint for limitation of liability." *Id.*

The Court also observes that Claimant's proposed stipulations are essentially identical to the stipulations that this Court previously found to adequately protect the rights of a limitation plaintiff. *See Matter of Chesapeake Marine Tours, Inc.*, 551 F. Supp. 3d at 597-98. And so, the Court concludes that Claimant's proposed stipulations will adequately protect the Limitation Plaintiffs' right to limitation of liability in this Court.

Limitation Plaintiffs also argue without persuasion that Claimant's proposed stipulations are inadequate. Limitation Plaintiffs first argue that Claimant's first stipulation impermissibly limits the Court's exclusive jurisdiction over all issues relating to limitation of liability, because this stipulation states that "Claimant hereby agrees and concedes that [the Limitation Plaintiffs] are entitled to and have the right to litigate *the* issue of whether they are entitled to limitation of

7

their liability under the provisions of the Limitation of Liability Act . . . in this Court, and this Court shall have exclusive jurisdiction to determine *that* issue." ECF No. 23 at 8; ECF No. 22-2 ¶ 1 (emphasis supplied). But this Court has previously found essentially identical language to sufficiently protect the rights of a limitation plaintiff to seek limitation of liability in this Court. *See Matter of Chesapeake Marine Tours*, 551 F. Supp. 3d at 597-98. And so, the Court also does not read this language to restrict the Court's jurisdiction, as Limitation Plaintiffs suggest.[4]

Limitation Plaintiffs' second argument—that Claimant's third stipulation is inadequate, because this stipulation challenges the stipulated value of the Vessel and contemplates additional counterclaims exceeding the value of the Vessel—is also unavailing. Claimant's third stipulation states, in relevant part, that "in the event any state court or other federal court renders a judgment or recovery in excess of Limitation Plaintiffs' stipulation of value, whether against Limitation Plaintiffs or any other liable party or parties who may make a cross claim over and against Limitation Plaintiffs, in no event will Claimant seek to enforce such judgment or recovery to in excess of Limitation Plaintiffs' stipulation of value until such time as this Court has adjudicated Limitation Plaintiffs' Complaint for limitation of liability." ECF No. 22-2 ¶ 3. Limitation Plaintiffs simply do not explain how this language creates a counterclaim in this action. *See* ECF No. 23 at 10-11. Nor do they explain how this stipulation challenges their stipulation as to the value of the Vessel at issue in this case. *Id.* Given this, Limitation Plaintiffs' argument is not persuasive.

Indeed, at bottom, there is no genuine dispute in this case that Claimant is the sole claimant in this action. A careful reading of Claimant's proposed stipulations also makes clear that these stipulations will sufficiently protect the rights of Limitation Plaintiffs. And so, for this reason, the Court will GRANT Claimant's motion to dissolve the injunction and stay the limitations proceedings.

---

[4] Limitation Plaintiffs also rely upon *In re Bellaire Harbor Serv., LLC*, No. 5:12CV47, 2013 WL 1314719, (N.D.W. Va. Mar. 27, 2013), to argue that Claimant's first stipulation impermissibly limits the Court's jurisdiction. ECF No. 23, at 9. But the stipulation in that case limited the Court's jurisdiction to the determination of two specifically delineated issues: (1) whether the vessel owners had privity to or knowledge of the acts, events, or conditions upon which its liability was based and, if so, (2) the value of the vessel owner's interest in the vessel. *See Bellaire*, at *7.

8

## V.     CONCLUSION

In sum, Claimant has demonstrated that she is the sole Claimant in this action and that her proposed stipulations will sufficiently protect the limitation rights of Limitation Plaintiffs.

And so, for the foregoing reasons, the Court **GRANTS** Claimant's motion dissolve the injunction and stay the limitations proceedings.

The Clerk is directed to enter judgment accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**


                                                            s/Lydia Kay Griggsby
                                                            LYDIA KAY GRIGGSBY
                                                            United States District Judge