**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| ) | |
| ) | |
| IN THE MATTER OF THE COMPLANT ) | |
| OF JOHN AND HOLLY RIDGEWAY, ) | |
| AS THE OWNERS OF A 2018 23' ) | Civil Action No. 22-00475-LKG |
| SPORTSMAN HIN SMNSF689D818, ) | |
| FOR EXONERATION FROM OR ) | Dated:  May 9, 2024 |
| LIMITATION OF LIABILITY ) | |
| ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION ON LIMITATION PLAINTIFFS'**
**MOTION FOR ENTRY OF JUDGMENT OF EXONERATION BY DEFAULT**

**Introduction**

The Limitation Plaintiffs in this admiralty action, John Mueller and Holly Ridgeway (collectively, the "Limitation Plaintiffs"), have moved for entry of judgment of exoneration by default, pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, Federal Rule of Civil Procedure 55(b) and Rules F(4) and (5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  ECF No. 30.  No responses in opposition to the Limitation Plaintiffs' motion have been filed.  No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court **GRANTS** the Limitation Plaintiffs' motion.

**Factual And Relevant Procedural Background**[1]

This admiralty action involves claims for exoneration from or limitation of liability, pursuant to the Limitation of Liability Act, arising from an accident that occurred during a June 5, 2021, voyage (the "Voyage") on the Limitation Plaintiffs' 2018 23' Sportsman boat (the "Vessel") on the Isle of Wight Bay.  ECF No. 1.  During the Voyage, a passenger onboard the Vessel suffered bodily injury while disembarking the Vessel.  *Id.* ¶¶ 8-20.

---

[1] The facts recited in this memorandum opinion are taken from the Limitation Plaintiffs' complaint and motion for entry of judgment of exoneration by default and memorandum in support thereof.  ECF Nos. 1, 30, 30-1.

1

And so, the Limitation Plaintiffs commenced this action for limitation of liability on February 25, 2022. *Id.*

On February 25, 2022, the Limitation Plaintiffs tendered $60,500, representing the value of the Vessel, and $1,000 for costs, to the Court as a limitation fund (the "Limitation Fund"). ECF Nos. 2, 3.  On February 25, 2022, the Limitation Plaintiffs also filed a motion to approve security and for publication and stay of this matter.  ECF No. 4.

On March 18, 2022, the Court issued an Order granting the Limitation Plaintiffs' motion to approve security and for publication and stay (the "March 18, 2022, Order").  ECF No. 5.  In the March 18, 2022, Order, the Court: (1) accepted the Limitation Fund as security by the Limitation Plaintiffs; (2) enjoined the commencement of any other proceedings against Limitation Plaintiffs or the Vessel; and (3) ordered that all potential claimants file their claims with the Clerk of the Court, and serve or mail a copy of the claims to counsel for the Limitation Plaintiffs, on or before April 26, 2022. *Id.* at 2.

In addition, the Court directed the Limitation Plaintiffs to publish the notice specified in the March 18, 2022, Order in *The Daily Record*, once per week for four consecutive weeks before April 26, 2022, and to mail a copy of this notice to every person known to have made, or who may make, a claim arising out of the Voyage no later than the day of the second publication. *Id.* at 2-3.  And so, the deadline for filing claims and answers to the complaint in this matter was April 26, 2022. *Id.*

On March 18, 2022, the Clerk of the Court issued the notice of the Limitation Plaintiffs' complaint for exoneration from or limitation of liability, as specified in the March 18, 2022, Order.  ECF No. 6.  Thereafter, the Limitation Plaintiffs complied with the Court's March 18, 2022, Order, by, among other things, publishing the notice specified in that Order.  ECF Nos. 30-1 ¶ 4, 12-1.

On April 27, 2022, one claimant, Kathleen Dennell, filed a claim in this matter.  ECF No. 9.  No other claimants have filed a claim.  And so, on May 9, 2022, the Limitation Plaintiffs filed a notice of compliance with Rules F(4) and F(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  ECF No. 12.

On May 31, 2022, the Limitation Plaintiffs requested Clerk's entry of default against all non-appearing parties and non-asserted claims, pursuant to Fed. R. Civ. P. 55(a). ECF No. 17. And so, on June 13, 2022, the Clerk of the Court entered default against all non-appearing parties (the "Defaulted Parties") and all non-asserted claims in this matter (the "Defaulted Claims"). ECF No. 20. No responses in opposition to the Clerk's entry of default have been received.

On March 6, 2024, the Limitation Plaintiffs filed the pending motion for entry of judgment of exoneration by default against all Defaulted Parties and Defaulted Claims. ECF No. 30. No responses in opposition to this motion have been filed. And so, the Limitation Plaintiffs' motion is ripe for resolution by the Court.

<b><u>Standards For Decision</u></b>

**A. The Limitation Of Liability Act**

Pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, a vessel owner may petition a federal court to limit its liability to the value of the vessel, or the owner's interest in the vessel, for damages or injuries that occur without the vessel owner's privity or knowledge. *See* 46 U.S.C. §§ 30523(a)-(b). To commence a limitation proceeding under the Act, the vessel owner must file a complaint in federal court within six months of receiving notice of a claim and deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor[.]" Fed. R. Civ. P. Supp. R. F(1). The complaint must set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to determine the amount to which the owner's liability should be limited. Fed. R. Civ. P. Supp. R. F(2).

In this regard, Rule F(4) of the Supplemental Rules for Admiralty for Maritime Claims and Asset Forfeiture Actions provides that, once the vessel owner has complied with the requirements of Rule F(1), the Court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the Clerk of the Court and to serve on the attorneys for the plaintiff a copy on or before the date named in the notice. Fed. R. Civ. P. Supp. R. F(4). The Rule also requires that the date named in the notice shall not be less than 30 days after the issuance of the notice. *Id.*

In addition, the Rule requires that the notice must be published in such newspaper, or newspapers, as the Court may direct once a week for four successive weeks prior to the date

fixed for the filing of claims. *Id*. The vessel owner must also mail a copy of the notice to every person known to have made any claim against the vessel, or the plaintiff, arising out of the voyage or trip on which the claims sought to be limited arose, no later than the day of second publication. *Id*. For good cause shown, the Court may enlarge the time within which claims may be filed. *Id*.

Lastly, pursuant to Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, claims must be filed and served on the vessel owner on or before the date specified in the notice. Fed. R. Civ. P. Suppl. R. F(5). After a vessel owner files a limitation action under the Limitation of Liability Act and complies with the requirements of Supplemental Rule F(1), all pending claims against the vessel owner must cease. Fed. R. Civ. P. Suppl. R. F(3). And so, upon a limitation plaintiff's request, the Court must "enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." *Id*.

**B. Fed. R. Civ. P. 55(b) And Default Judgments For Limitation Plaintiffs**

Fed. R. Civ. P. 55(b)(2) provides that the Court may enter a default judgment following the Clerk's entry of default, pursuant to Fed. R. Civ. P. 55(a). *See* Fed. R. Civ. P. 55 (b)(2).[2]

Relevant to this dispute, courts have held that:

> If a plaintiff-in-limitation satisfies the procedural requirements under the Federal Rules of Civil Procedure, the Local Rules, and 'the notice requirements of Supplemental Admiralty Rule F,' courts have discretion to grant default judgment against claimants who do not answer.

*In re Nova Grp., Inc.*, 2020 WL 8675905, at *2 (S.D. Cal. Nov. 5, 2020) (citations omitted); *see also In re Davies*, 2022 WL 686864, at *3-4 (D. Haw. Feb. 16, 2022), *report and*

---

[2] Fed. R. Civ. P. 55(b)(2) provides that:

> [T]he party must apply to the court for a default judgment . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

*recommendation adopted*, 2022 WL 685237 (D. Haw. Mar. 8, 2022).  And so, the Court has the discretion to enter a default judgment against all claimants who have not answered the complaint, when a limitation plaintiff has complied with the procedural and notice requirements under the Federal Rules of Civil Procedure and Supplemental Rules for Admiralty for Maritime Claims and Asset Forfeiture Actions.  *Id.*; *see also, e.g., In re Kelley*, 2021 WL 7448622 (N.D. Ca. Jul. 30, 2021); *In re Beasley*, 2023 WL 2392035 (M.D. Ga. Mar. 7, 2023*), report and recommendation adopted*, 2021 WL 7448605 (N.D. Cal. Aug. 19, 2021).

In this regard, although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).  In deciding whether to grant a default judgment, the Court takes as true the well-pled factual allegations of the complaint, other than those pertaining to damages.  *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  In doing so, the Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011).  And so, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment.  *Russell v. Railey*, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g., Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

Lastly, a party's default does not in itself warrant entry of a default judgment by the Court.  And so, "the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered," and the Court may "refuse to enter a default judgment."  *Perez v. Est. of Buckingham*, 2014 WL 320130 (D. Md. Jan. 28, 2014) (*citing* Charles A. Wright, et al., *Fed. Prac. & Proc.* § 2685 (3d Ed. 1998)).

## <u>Legal Analysis</u>

After carefully reviewing the Limitation Plaintiffs' motion for entry of judgment of exoneration by default against all Defaulted Parties and Defaulted Claims, and the litigation

history of this admiralty matter, the Court is satisfied that the Limitation Plaintiffs have shown that entry of a default judgment against the Defaulted Parties and Defaulted Claims is appropriate in this admiralty action.  And so, for the reasons discussed below, the Court GRANTS the Limitation Plaintiffs' motion for entry of judgment of exoneration by default against all Defaulted Parties and Defaulted Claims in this admiralty action and ENTERS a DEFAULT JUDGMENT against the Defaulted Parties and Defaulted Claims pursuant to Fed. R. Civ. P. 55(b).

First, the Limitation Plaintiffs have shown that they have complied with the procedural and notice requirements of Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Pursuant to Rule F(1), a vessel owner must file a complaint in the appropriate district court no later than six months after receipt of a claim in writing, and deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor[.]".  Fed. R. Civ. P. Suppl. R. F(1).  The complaint must set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to determine the amount to which the owner's liability should be limited.  Fed. R. Civ. P. Suppl. R. F(2).

Rule F(4) also provides that, once the vessel owner has complied with the requirements of Rule F(1), the Court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the Clerk of the Court and to serve on the attorneys for Limitation Plaintiffs a copy on or before the date named in the notice.  Fed. R. Civ. P. Suppl. R. F(4).  This Rule also requires that the notice must be published in such newspaper, or newspapers, as the Court may direct once a week for four successive weeks prior to the date fixed for the filing of claims.  *Id.*  Pursuant to Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, claims must be filed and served on the vessel owner on or before the date specified in the notice to claimants.  Fed. R. Civ. P. Suppl. R. F(5).  After a vessel owner complies with Rule F(1) and the aforementioned notice requirements, all pending claims against the vessel owner must cease.  Fed. R. Civ. P. Suppl. R. F(3).

The Limitation Plaintiffs appropriately commenced this limitation proceeding by filing their complaint on February 25, 2022, as required by Rule F(1).  ECF No. 1.  The Limitation

6

Plaintiffs also deposited with the Court an approved security for "a sum equal to the amount or value of the owner's interest in the vessel and pending freight[,] as required by this Rule.  ECF Nos. 2, 3.  In addition, the complaint contains factual allegations regarding (1) the June 5, 2021, Voyage and related accident; (2) the value of the Limitation Plaintiff's interest in the Vessel; and (3) the Limitation Plaintiffs' stipulated amount of costs, which enable the Court to determine the extent to which liability should be limited, as required by Rule F(2).  ECF No. 1 ¶¶ 8-21, 26.  Given this, the Court issued the March 18, 2022, Order which: (1) accepted the Limitation Fund as security by the Limitation Plaintiffs; (2) enjoined the commencement of any other proceedings against Limitation Plaintiffs or the Vessel; and (3) ordered that all potential claimants file their claims with the Clerk of the Court, and serve or mail a copy of the claims to counsel for the Limitation Plaintiffs, on or before April 26, 2022.  ECF No. 5.  And so, the Clerk of Court also issued the notice of the Limitation Plaintiffs' complaint for exoneration from or limitation of liability on March 18, 2022.  ECF No. 6.

The Limitation Plaintiffs have also shown that they have complied with the requirements of Rule F(4), which provides that "the [Court-ordered] notice must be published in such newspaper or newspapers as the court may direct[,]" and that the Limitation Plaintiffs mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff, arising out of the Voyage.  Fed. R. Civ. P. Suppl. R. F(4).  The Limitation Plaintiffs' May 9, 2022, notice of compliance with Supplemental Rules F(4) and F(6), and the corresponding exhibits, make clear that the Limitation Plaintiffs' published the Court-ordered notice in *The Daily Record*, as directed by the Court, and that the Limitation Plaintiffs mailed copies of the notice to each individual believed to be a potential claimant.  *See* ECF Nos. 12 at 2, 12-1, 12-2.  As a result, one claimant, Kathleen Denell, filed a claim in this matter on April 27, 2022.  *See* ECF No. 9.  And so, the Court is also satisfied that the Limitation Plaintiffs have complied with the requirements of Rules F(1) and F(4) and that any potential claimants have been put on notice of the deadline for filing any claims arising from the Voyage.

The Limitation Plaintiffs also persuasively argue that entry of a default judgment against the Defaulted Parties and Defaulted Claims is appropriate in this case, because sufficient time has elapsed since the deadline established by the Court for the filing of claims in this matter.  Pursuant to Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Court may extend the time in which a claimant may file a claim, for good

7

cause shown.  Fed. R. Civ. P. Suppl. R. F(4).  But, as the Limitation Plaintiffs correctly observe, more than two years have elapsed since the April 26, 2022 deadline for filing claims in this matter.  Given this, the Court agrees with the Limitation Plaintiffs that no potential claimant could now show good cause for the Court to enlarge the time for the filing of claims and to allow a late-filed claim at this stage of the case.

In addition, the Court is satisfied that the complaint in this matter contains sufficient factual allegations to establish the Court's subject-matter jurisdiction, and that the complaint contains sufficient facts that, taken as true, state a plausible claim for exoneration from and limitation of liability.  In deciding whether to grant a default judgment under Rule 55(b), the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages, and applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011).  A careful reading of the complaint makes clear that the Limitation Plaintiffs allege facts that, taken as true, show that the Court possesses subject-matter jurisdiction pursuant to 28 U.S.C. § 1333.  ECF No. 1 ¶¶ 3, 4-24, 27-31; 28 U.S.C. § 1333; *Ryan,* 253 F.3d at 780.  The complaint also contains facts that, taken as true, establish: (1) the Limitation Plaintiffs' ownership of the Vessel; (2) the facts related to the June 5, 2021, Voyage and related accident; (3) the potential injuries and damages resulting from the Voyage; and (4) that the accident occurred "without Limitation Plaintiffs' privity or knowledge." ECF No. 1 ¶¶ 4-7, 8-24, 28; 46 U.S.C. §§ 30523(a)-(b); *Balt. Line Handling Co.*, 771 F. Supp. at 544.

Lastly, the Limitation Plaintiffs have also shown that entry of default judgment under Fed. R. Civ. P. 55(b) is appropriate in this matter, because Plaintiffs have satisfied the procedural requirements for obtaining a default judgment.  The Court may enter a default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a).  *See* Fed. R. Civ. P. 55 (b)(2).  On May 31, 2022, the Limitation Plaintiffs filed a motion for Clerk's entry of default, against "all parties having an interest in this matter who have not yet appeared, and against all claims that may have been asserted against the Limitation Plaintiff[s] in this matter but were not timely filed with this Court."  ECF No. 17.  On June 13, 2022, the Clerk of Court entered default for all non-appearing parties and non-asserted claims in this matter.  ECF No. 20.  Thereafter, the

8

Limitation Plaintiffs moved for entry of judgment of exoneration by default against the Defaulted Parties and Defaulted Claims, pursuant to Fed. R. Civ. P. 55(b).  ECF No. 30.

Because the Limitation Plaintiffs have complied with the notice requirements of Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the procedural requirements of Fed. R. Civ. P. 55, it is appropriate for the Court to enter a default judgment against all Defaulted Parties and Defaulted Claims in this matter.  Fed. R. Civ. P. 55(b)(2); *see In re Nova Grp., Inc.*, 2020 WL 8675905, at *2 (S.D. Cal. Nov. 5, 2020) (citations omitted); *In re Davies*, 2022 WL 686864, at *3-4 (D. Haw. Feb. 16, 2022), *report and recommendation adopted*, 2022 WL 685237 (D. Haw. Mar. 8, 2022); *In re Kelley*, 2021 WL 7448622 (N.D. Ca. Jul. 30, 2021); *In re Beasley*, 2023 WL 2392035 (M.D. Ga. Mar. 7, 2023*), report and recommendation adopted*, 2021 WL 7448605 (N.D. Cal. Aug. 19, 2021).

<u>**Conclusion**</u>

And so, in light of the foregoing, the Court:

(1) **GRANTS** the Limitation Plaintiffs' motion for entry of judgment of exoneration by default (ECF No. 30); and

(2) **ENTERS** a **DEFAULT JUDGMENT** against the Defaulted Parties and Defaulted Claims, exonerating Limitation Plaintiffs from any loss, damage, injury or liability for any claims in any way arising from the June 5, 2021, Voyage, that have not been asserted in this matter, and against all other parties having an interest in this matter other than Kathleen Denell.

A separate Order shall issue.


s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge